IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA                                             PLAINTIFF

v.                    Case No. 4:12CR00177-001 KGB

LEODIS RANDLE                                                       DEFENDANT

**ORDER**

By prior Order, the Court directed the government to respond to defendant Leodis Randle's motion to press charges for robbery, which the Court construed as a motion to return seized property (Dkt. No. 116). The government responded that it has no objection to returning Mr. Randle's cell phone to an authorized representative who can come to the U.S. Secret Service Office and sign for receipt. In his motion, Mr. Randle requests that his cell phone be given to his mother, "Drothy Randle"; sister, "Alice Messick"; or "Robert Randle." Accordingly, the Court grants Mr. Randle's motion to return seized property (Dkt. No. 109), and any of Mr. Randle's three authorized representatives may pick up the cell phone by going to the U.S. Secret Service Office and signing for receipt.

Also before the Court is Mr. Randle's motion to amend order and sentence (Dkt. No. 118). The Court denies Mr. Randle's motion to amend order and sentence. First, Mr. Randle requests that the Court inform the Federal Bureau of Prisons ("BOP") that his case is in the Eastern District of Arkansas, not the Western District of Arkansas, because it affects where he is placed. The Court has already taken the appropriate action and entered a Second Amended Judgment and Commitment Order correcting the jurisdiction to the Eastern District of Arkansas (Dkt. No. 98). It is the Court's understanding that the BOP is aware of this issue and has been in communication with the United States Probation Office for the Eastern District of Arkansas to

resolve it. Regardless, although the Court can recommend a placement to the BOP, the BOP has authority to make the final decision. Second, Mr. Randle requests that the Court modify his sentence. The Court denies this request.

Mr. Randle also filed a motion for reconsideration of the Court's prior Order (Dkt. No. 119) and motion for speedy trial hearing (Dkt. No. 123). First, Mr. Randle moves the Court to reconsider its prior Order denying his motions to reconsider, for relief from, and for a hearing on the Court's Amended Judgment and Commitment Order (Dkt. No. 116). Likewise, the Court construes Mr. Randle's motion for speedy trial hearing as a motion to reconsider, for relief from, and for a hearing on the Court's Amended Judgment and Commitment Order. For the reasons stated in the Court's prior Order (Dkt. No. 116), the Court denies Mr. Randle's motions to reconsider the Court's Amended Judgment and Commitment Order (Dkt. Nos. 119, 123).

Second, Mr. Randle moves the Court to reconsider its prior Order denying his motion to appoint counsel (Dkt. Nos. 116, 119). The Court denied Mr. Randle's motion to appoint counsel because the Eighth Circuit Court of Appeals had dismissed Mr. Randle's appeal of the Court's Judgment and Commitment Order, Mr. Randle had filed no other notice of appeal, and Patrick L. Spivey had not been terminated as Mr. Randle's counsel according to the docket sheet. Mr. Randle now claims that he has appealed to the Supreme Court of the United States, which is supported by the record, and that he has terminated Mr. Spivey from the case. However, Eighth Circuit Local Rule 27B(a) states that defendant's trial counsel shall represent defendant on appeal unless the Court of Appeals grants trial counsel permission to withdraw, and Supreme Court of the United States Rule 39.7 states that the Supreme Court may appoint counsel to represent a party financially unable to afford an attorney in a case in which certiorari has been granted, probable jurisdiction noted, or consideration of jurisdiction postponed. Accordingly, the

Court no longer has jurisdiction to terminate or appoint counsel for Mr. Randle, and there is nothing in the record indicating that the Eighth Circuit granted Mr. Spivey permission to withdraw or that the Supreme Court has appointed Mr. Randle counsel. The Court denies Mr. Randle's motion to reconsider its prior Order denying his motion to appoint counsel (Dkt. No. 119).

In conclusion, the Court grants Mr. Randle's motion to return seized property (Dkt. No. 109) and denies his motion to amend order and sentence (Dkt. No. 118), motion for reconsideration of the Court's prior Order, including but not limited to his request to reconsider appointment of counsel (Dkt. No. 119), and motion for speedy trial hearing, which the Court construes as a motion to reconsider, for relief from, and for a hearing on the Court's Amended Judgment and Commitment Order (Dkt. No. 123). Because the Court has revisited the issues raised in Mr. Randle's recent filings numerous times, the Clerk of the Court is directed not to accept further filings from Mr. Randle in this case.

IT IS SO ORDERED this 5th day of August, 2014.

_____
Kristine G. Baker
United States District Court Judge